**In re FORREST.**
Patent Appeal No. 2619.

Court of Customs and Patent Appeals.
Feb. 25, 1931.

Miller & Boyken, of San Francisco, Cal. (Charles S. Grindle, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals affirming the decision of the Primary Examiner denying claims 1 to 5, inclusive, 8, and 9 in appellant's application for an alleged invention relating to a method of processing dried fruits.

After the appeal had been taken, but prior to the oral arguments in this court, counsel for appellant withdrew appealed claims 4, 5, and 8. At the time of the oral arguments in this court, counsel for appellant in open court withdrew appealed claim 1. Accordingly, the appealed claims before the court for consideration are Nos. 2, 3, and 9. They read as follows:

"2. The method of processing dried fruits which comprises treatment of the same with an oil expressed from the seeds of like fruit.

"3. The method of processing dried fruits which comprises removal of the seeds therefrom, expressing the oil from the seeds and reapplying it to the fruit."

"9. A new article of manufacture comprising dried fruit having the exterior surface coated with oil of the seeds of the fruit."

It appears from the record that the Primary Examiner allowed claims 6, 7, 11, and 12, which involved the method of processing seeded dried raisins with oil from the seeds of raisins.

The Board of Appeals allowed claim 10, which had been rejected by the Primary Examiner and which involved the disclosed process of treating unseeded raisins.

It appears from appellant's specification that, prior to the use of the alleged invention, dried raisins and possibly other dried fruits had been sprayed with mineral oil for the purpose of making the fruit nonadhesive; but that, due to the fact that the mineral oil so used gave the fruit an undesirable flavor, appellant conceived the idea of using the oil from the seeds of raisins, thereby making the dried fruit nonadhesive and at the same time imparting to it an improved flavor.

The involved claims were rejected by the Primary Examiner on the following references: Roeding, 1,245,031, October 30, 1917; Cassel, 106,465, August 16, 1870.

The Board of Appeals held that the patent to Roeding was not a proper reference

because it disclosed the treatment of raisins with a solution consisting of olive oil and lye.

The patent to Cassel disclosed the use of oil obtained from grapes for the purpose of preserving meat and other articles of food such as eggs and butter.

It was pointed out in the decision of the Board of Appeals that raisin-seed oil is not a new product; that it was known and used long prior to the filing of appellant's application; and that oil from the pits of peaches and apricots had also been well known for many years. The Board then said:

"As it is obvious that any oil will serve to make the fruit non-adhesive and it is known that oil may be obtained from the seeds of various fruits which are dried and that such oils have flavoring properties we are unable to find anything patentable in flavoring dried fruits or anything else with such oils."

Appellant concedes in his specification that it was old in the art to treat dried raisins with mineral oil in order to make them nonadhesive; and that it was well known that the use of such oil imparted an undesirable flavor to the fruit.

In view of the fact that the flavoring and nonadhesive qualities of raisin-seed oil, and oils from the seeds of other fruits were well known prior to the filing of appellant's application, we are of opinion that the application of such oils to dried raisins and other dried fruits for the purpose of making them nonadhesive, and for flavoring purposes, would not involve invention.

The patentability of the allowed claims is not before us for consideration. However, we are of the opinion that the Board of Appeals was right in holding that the claims at issue do not involve invention.

The decision is therefore affirmed.

Affirmed.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

